FILED

August 30, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:10 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Norvin Sevilla-Palma | ) Docket No. 2016-05-0242 |
| | ) |
| v. | ) |
| | ) State File No. 17382-2016 |
| Wauford Air Conditioning, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale Tipps, Judge | ) |

---

## Affirmed and Remanded – August 30, 2016

---

In this interlocutory appeal, the employee alleges he suffered an injury to his right eye arising primarily out of and in the course and scope of his employment. The employer denied the claim, asserting as an affirmative defense that the employee willfully failed or refused to use a safety device. In denying the employee's expedited request for benefits, the trial court relied primarily on its assessment of the credibility of witnesses to determine that the employer was likely to prevail at a hearing on the merits in establishing the elements of its affirmative defense. The employee appealed, challenging the trial court's findings on witness credibility. We affirm and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Norvin Sevilla-Palma, Lavergne, Tennessee, employee-appellant, pro se

David Drobny, Nashville, Tennessee, for the employer-appellee, Wauford Air Conditioning, Inc.

1

# Memorandum Opinion[1]

Norvin Sevilla-Palma ("Employee"), a thirty-four-year-old resident of Rutherford County, Tennessee, worked for Wauford Air Conditioning, Inc. ("Employer"), as a sheet metal worker.[2] On Friday, February 19, 2016, Employee was working with a crew replacing an air conditioning unit at a medical facility. He was instructed to climb a ladder and drill a hole overhead to set hangers for the air conditioning unit. Employee was not wearing safety goggles or other personal protective equipment at the time. As he drilled the hole, the drill struck rebar and a foreign object, believed to be a metal shaving from the rebar, entered his right eye.

Following the accident, Employee attempted to flush out his eye, but he continued to experience pain and vision problems over the next several days. Employee testified that he contacted Employer the following Monday to request medical care, but Employer declined to authorize such care. As a result, he went on his own to a local emergency room, where he was referred to Vanderbilt Eye Institute. He underwent several procedures to his right eye to remove the foreign matter and was prescribed glasses.

After providing a recorded interview to a representative of Employer's insurer, the insurer denied Employee's claim for workers' compensation benefits. As a result, Employee filed a petition for benefit determination and, after mediation was unsuccessful, a request for expedited hearing. Following the expedited hearing, the trial court issued an order denying Employee's claim for benefits and determining that, at a hearing on the merits, Employer was likely to establish that Employee willfully failed or refused to use a safety device in violation of Tennessee Code Annotated section 50-6-110(a)(4) (2015). Employee filed a notice of appeal, alleging that representatives of Employer were untruthful during the expedited hearing, that his own statements during the expedited hearing were turned against him, and that the trial court's judgment was unfair.

Employee has not provided a transcript of the expedited hearing or a statement of the evidence. Moreover, Employee has not filed a brief or position statement setting forth any arguments in support of his appeal.

As an initial matter, we note that Employee has chosen to proceed without an attorney throughout the proceedings in the trial court and on appeal, which is his

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have gleaned the factual background from the pleadings, exhibits, and the trial court's expedited hearing order.

prerogative. "It is well-settled, however, that pro se litigants must comply with the same standards to which lawyers must adhere." *Bates v. Command Ctr., Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *3 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015). As one court has observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014); *see also Bucher v. Diversco*, No. 2015-05-0184, 2015 TN Wrk. Comp. App. Bd. LEXIS 46, at *9 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").

Moreover, the Tennessee Workers' Compensation Law expressly provides that "there shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). As we have explained previously, in circumstances where no transcript of the expedited hearing is provided, and no statement of the evidence is filed, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence." *Hardin v. Dewayne's Quality Metals*, No. 2015-07-0067, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, *3-4 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015). Such is the case here.

Finally, we note that the trial court's determinations hinged on its assessment of the credibility of witnesses. The law is clear that "[w]hen the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Sirkin v. Trans Carriers, Inc.*, No. 2015-08-0292, 2016 TN Wrk. Comp. App. Bd. LEXIS 22, at *8-9 (Tenn. Workers' Comp. App. Bd. May 9, 2016) (quoting *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008)).

In this case, the trial court's expedited hearing order contains findings regarding the credibility of the witnesses. Specifically, the trial court found parts of Employee's testimony "not credible" and found the testimony of Employer's witnesses "steady,

3

forthcoming and reasonable." Since we were provided no transcript of the witness testimony and no statement of the evidence, we have no way to assess whether the preponderance of the evidence supports the trial court's determinations as to witness credibility. Under the circumstances, we have no choice but to find the evidence in this record does not preponderate against the trial court's determinations.

## Conclusion

Based on the foregoing, the trial court's order denying Employee's expedited request for workers' compensation benefits is affirmed, and the case is remanded for any further proceedings that may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

4



**FILED**

**August 30, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:10 A.M.**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Norvin Sevilla-Palma | ) | Docket No. 2016-05-0242 |
| | ) | |
| v. | ) | State File No. 17382-2016 |
| | ) | |
| Wauford Air Conditioning, Inc., et al. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of August, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Norvin Sevilla-Palma | | | | | X | norvansevilla@yahoo.com |
| David Drobny | | | | | X | ddrobny@manierherod.com |
| Dale Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov